LEONARD BRADBURY, Appellant, v. GEORGE COLE, Respondent.

### Kansas City Court of Appeals, May 6, 1895.

1. **Appellate Practice**: WEIGHT OF EVIDENCE: INSTRUCTIONS. Where there is substantial evidence either way, and the instructions clearly present the issue, there is nothing to sustain an appeal.

2. **Attachment**: JUDGMENT ON THE MERITS: EFFECT. When the defendant has judgment on the merits, the plaintiff, having no debt or claim, must fail in his attachment.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*J. S. Wooldridge* for appellant.

(1) The verdict and judgment are against the evidence presented at the trial. (2) The jury misapprehended the evidence at the trial or were influenced by passion or prejudice. (3) The court erred in giving instructions numbers 1 and 2, asked by defendant. They were each calculated to mislead the jury.

*Wm. L. Jarrott* for respondent.

(1) If the judgment against the plaintiff on the merits of the case is affirmed, the attachment is abated, regardless of any error as to the trial on the plea in abatement. *State ex rel. v. Beldsmier,* 56 Mo. 226; *State ex rel. v. O'Niel,* 4 Mo. App. 224. (2) The judgment should be affirmed because the evidence is conclusive that defendant had paid plaintiff all the rent that was due before this suit was instituted. R. S., sec. 6384. (3) Whether defendant had delivered all the corn in the eight row division to plaintiff or converted a part of this corn to his own use was fairly submitted to the jury.

GILL, J.—This is an action by the landlord against the tenant for an alleged balance due on the rent of forty acres of farming land. An attachment was sued out in aid of the action and a portion of the corn raised on the premises was seized by the constable. The defending tenant contested the case, on both the attachment and merits, and defeated the plaintiff on both issues in the justice's court as well as in the circuit court. Plaintiff appealed.

In 1892 plaintiff let to the defendant forty acres of land which was to be used in raising corn, the plaintiff, as rent, to have two fifths of the product in the crib. The land was divided by a road running east and west, leaving sixteen acres on the north and twenty-four acres on the south side of the road. When the corn was being gathered, plaintiff complained that defendant had not delivered to him (the plaintiff) his full share of the corn raised in the north field. From this contention, this suit arose, resulting as before stated.

In addition to some verbal criticism of the court's instructions, plaintiff asks a reversal for the alleged

reason that the verdict was against the evidence; that the jury misapprehended the evidence, or were influenced by passion or prejudice. There is nothing in either point. The instructions clearly presented the one, and really, the *only* issue in the case; and that is, did the defendant deliver to plaintiff the full amount of corn which it was agreed he should when he rented the land. On this issue there was substantial evidence either way; the preponderance, however, it seems to us, was with the defendant.

Since the judgment was for the defendant on the merits of the case, and since we shall affirm the same, it becomes wholly unnecessary to discuss any alleged errors or irregularities occurring at the trial of the attachment issues. The plaintiff having no debt or claim against the defendant, his attachment must likewise fail. *State to use v. Beldsmeier*, 56 Mo. 226.

Judgment affirmed. All concur.